**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| SUSAN DESCHAINE,<br>on behalf of plaintiff and a class, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| NATIONAL ENTERPRISE SYSTEMS, INC.,<br>and PRECISION  RECOVERY<br>ANALYTICS, INC., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT  – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Susan Deschaine brings this action to secure redress from

unlawful credit and collection practices engaged in by defendants National Enterprise Systems,

Inc., and Precision  Recovery Analytics, Inc.  Plaintiff alleges violation of the Fair Debt

Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C.

§1331 and 28 U.S.C. §1337.

3.      Venue and personal jurisdiction in this District are proper because:

a.      Defendants' collection communications were received by plaintiff

within this District;

b.      Defendants do or transact business within this District.

### PARTIES

4.      Plaintiff Susan Deschaine  is an individual who resides in the Northern

District of Illinois.

5.      Defendant National Enterprise Systems, Inc., is an Ohio corporation with

its principal place of business in Ohio.  It does business in Illinois, sometimes using the assumed

name of NES of Ohio.  Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

6.     National Enterprise Systems, Inc., is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

7.     National Enterprise Systems, Inc.,  is a debt collector as defined in the FDCPA.

8.     Defendant Precision  Recovery Analytics, Inc. is a Texas corporation with its principal place of business in Texas.  It does business in Illinois.  Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

9.     Precision  Recovery Analytics, Inc. is engaged in the business of purchasing or claiming to purchase debts for pennies on the dollar and attempting to collect them.

10.    Precision Recovery Analytics, Inc., has filed hundreds of collection lawsuits in the Illinois courts.

11.    Precision Recovery Analytics, Inc., uses the mails and telephone system in connection with its business.

12.    Precision  Recovery Analytics, Inc. is a debt collector as defined in the FDCPA.

## FACTS

13.    Defendants have been attempting to collect an alleged credit card debt from plaintiff Susan Deschaine.

14.    The alleged credit card was used for personal, family or household purposes and not for business purposes.

15.    On or about June 6, 2012, defendant National Enterprise Systems, Inc., sent plaintiff  the letter attached as Exhibit A.

16.    On information and belief, Exhibit A was the first letter that National

2

Enterprise Systems, Inc., sent to plaintiff concerning the debt described therein.

17.     On information and belief, Exhibit A represents a form letter which is intended for use by National Enterprise Systems, Inc., as the initial letter it sends to a consumer.

18.     Exhibit A states that the "Client" of National Enterprise Systems, Inc., was "PARAGON WAY, INC", that the "Original Creditor" was "GE Money Bank/JC Penney Consumer", and that the "Current Creditor" was "Precision Recovery Analytics Inc."

19.     An enclosed "privacy notice" stated that Paragon Way Inc. and Precision Recovery Analytics International, Inc. – not Precision Recovery Analytics, Inc. – were "related companies."

20.     No explanation was given as to any relationship between the various entities mentioned on the first page of Exhibit A, or why or how Paragon Way, Inc. and/or Precision Recovery Analytics, Inc. were involved with the debt, or with each other.

21.     Paragon Way, Inc., is a defunct Texas corporation, as shown by Exhibits B and C.

22.     On information and belief, the defunct Texas corporation, Paragon Way, Inc., had nothing to do with the collection of this debt.

23.     Precision Recovery Analytics International, Inc., is also defunct, as shown by Exhibit D.

24.     On information and belief, Exhibit A was sent on behalf of Precision Recovery Analytics, Inc.

## VIOLATIONS ALLEGED

25.     Defendants violated 15 U.S.C. §1692g(a)(2) by failing to clearly identify the current creditor to whom the debt is owed.

26.     Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt**

3

collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-

**Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

27.     <u>Exhibit A</u> failed to disclose the name of the current creditor  effectively because the letter twice states that "Paragon Way" is the "client", however, it  then goes on to state that the "Current Creditor" is Precision Recovery Analytics, Inc., but that the "Original Creditor" is GE Money Bank/JC Penney Consumer.  Without any explanation of what, if  any, the relationship is between Paragon and Precision or between the "Current  Creditor" and the "Client", a consumer would be confused as to whom the debt is owed.  *Braatz v. Leading Edge Recovery Solutions, LLC,* 11 C 3835, 2011 U.S.  Dist. LEXIS 123118 (N.D. Ill. Oct. 21, 2011); *Walls v. United Collection Bureau, Inc.*, 11 C 6026, 2012  U.S. Dist. LEXIS 68079 (N.D. Ill. May 16, 2012).

28.     For the same reason, the letter is confusing, in violation of 15 U.S.C. §§1692e and 1692e(10).

29.     Section 1692e provides:

**§ 1692e.          False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

30.     Plaintiff brings this action on behalf of a class, pursuant to Fed.  R. Civ. P. 23(a) and (b)(3).

31.     The class consists of (a) all individuals with Illinois addresses (b)  who were sent a letter in the form represented by <u>Exhibit A</u>, (c) seeking to collect a debt allegedly

5

owed for a GE Money Bank/JC Penney account, (d) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

32.     The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

33.     There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Exhibit A (a) clearly discloses the name of the current creditor or (b) is misleading and confusing.

34.     Plaintiff's claims are typical of the claims of the class members. All are based on the same common questions of law and fact.

35.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

36.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

      (1)     Statutory damages;

      (2)      Attorney's fees, litigation expenses and costs of suit;

      (3)      Such other and further relief as the Court deems proper.


s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
            & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)