# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50416 | **DATE** | 3/7/2013 |
| **CASE TITLE** | Susan Deschaine vs. National Enterprise Systems, Inc., et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendants' motion to dismiss is denied.

*Philip G. Reinhard*

■[ For further details see text below.]  Electronic Notices.

## STATEMENT - OPINION

Plaintiff, Susan Deschaine, brings this action against defendants, National Enterprise Systems, Inc. ("NES") and Precision Recovery Analytics, Inc. ("PRA") for violating provisions of the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(2). Jurisdiction is proper under 28 U.S.C. § 1331. Defendants move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Section 1692g(a)(2) provides: "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing– . . . the name of the creditor to whom the debt is owed." Section 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this
 section: . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

Plaintiff received a letter from NES.[1] The letter's heading contained the following information– "Client: Paragon Way, Inc. . . . Original Creditor: GE Money Bank/JC Penney Consumer . . . Current Creditor: Precision Recovery Analytics Inc." Later in the letter it again identifies the client as "Paragon Way, Inc." A "Privacy Notice" was sent with the letter. It stated: "This Privacy Notice is being given on behalf of each of the following related companies (the 'Paragon Way Inc.' & 'Precision Recovery Analytics International, Inc.')."

Plaintiff contends the letter violates Section 1692g(a)(2) "by failing to clearly identify the current creditor to whom the debt is owed." Plaintiff alleges the letter "failed to disclose the name of the current creditor effectively because the letter twice states that 'Paragon Way' is the 'client', however, it then goes on to state that the 'Current Creditor' is Precision Recovery Analytics, Inc., but that the 'Original Creditor' is GE Money Bank/JC Penney Consumer. Without any explanation of what, if any, the relationship is between

| STATEMENT - OPINION |
|---|

Paragon and Precision or between the 'Current Creditor' and the 'Client', a consumer would be confused as to whom the debt is owed." Plaintiff alleges that the letter violates Section 1692e and 1692e(10) for the same reason– the letter is confusing and, therefore, is a false, deceptive or misleading representation or means in connection with the collection of a debt in violation of Section 1692e and, specifically, it is a false representation or deceptive means to collect or attempt to collect a debt in violation of Section 1692e(10)[2].

A debt collection letter's compliance with the FDCPA is evaluated under the "unsophisticated consumer" standard. Zemeckis v. Global Credit & Collection Corp., 679 F.3d 632, 635 (7th Cir.2012). To be compliant "[t]he letter must be clear and comprehensible to an individual who is uninformed, naive, and trusting but not without a rudimentary knowledge about the financial world or incapable of making basic deductions and inferences." Id. (internal quotation marks and citations omitted). Whether a letter is confusing to an unsophisticated consumer is generally a question of fact that if well-pleaded avoids dismissal on a Rule 12(b)(6) motion. Id. at 636. Dismissal is appropriate only "when it is apparent from a reading of the letter that not even a significant fraction of the population would be mislead by it." Id. (internal quotation marks and citations omitted).

Defendants' motion must be denied because it is not apparent from a reading of the letter that not even a significant fraction of the population would be mislead by it. Naming an entity as "Client" and a different entity as "Current Creditor" especially where the "Client" is named more often than the "Current Creditor" plausibly could create confusion and it is only plausibility that must be shown to withstand a 12(b)(6) motion. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). While "Current Creditor" may be closer to "the name of the creditor to whom the debt is owed" than the term "Current Owner", see Walls v. United Collection Bureau, Inc., No. 11 C 6026, 2012 WL 1755751 (N.D. Ill. 5/16/2012) (Grady, J.) (finding use of terms "Client" and "Current Owner" potentially misleading enough to withstand a 12(b)(6) motion), it is not so close that the court can decide as a matter of law that an unsophisticated consumer could not be confused by the letter.

For the foregoing reasons, defendants' motion to dismiss is denied.

---

1. The letter is attached as Exhibit A to plaintiff's complaint [1].

2. The enumerated subsections of Section 1692e are simply nonexclusive specifications of the general prohibition of Section 1692e against any false, deceptive, or misleading representation or means in connection with the collection of any debt. See Ruth v. Triumph Partnerships, 577 F.3d 790, 795, n. 2 (7th Cir. 2009).